**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| | ) | |
| SCOTT THOMPSON, | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | Civil Action No. |
| v. | ) | 26-11777-FDS |
| | ) | |
| OLD GLORY BANK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER ON**
**DEFENDANT'S MOTION TO TRANSFER VENUE**

**SAYLOR, J.**

This action involves a consumer banking dispute.  Plaintiff Scott Thompson alleges that defendant Old Glory Bank violated federal and state laws by failing to process his automatic mortgage payments.  Jurisdiction arises under 28 U.S.C. § 1331 for the federal claim and 28 U.S.C. § 1367(a) for the state-law claims.

Defendant has moved to transfer this matter to the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. § 1404(a).  It asserts that the banking service agreement governing plaintiff's mortgage payments contained a forum-selection clause naming Oklahoma County, Oklahoma, as the exclusive venue for disputes arising from its bill-payment services.  For the following reasons, the motion to transfer venue will be granted.

I.      **Background**

        A.      **Factual Background**

                1.      **The Allegations of the Complaint**

Scott Thompson is a Massachusetts resident.  (Compl. ¶ 15, Dkt. No. 1).  During the

relevant time, he maintained a checking account at Old Glory Bank.  (*Id.* ¶ 17).  Old Glory is an Oklahoma state-chartered banking corporation that is wholly owned by Old Glory Holding Company, a Delaware corporation.  (Def.'s Corporate Disclosure Statement 1, Dkt. No. 9).

At some point, Thompson set up automatic monthly payments from his checking account at Old Glory to his mortgage account at JP Morgan Chase Bank, NA.  (Compl. ¶ 19).  Although Thompson never asked Old Glory to stop, the bank discontinued the automatic payments in February 2025.  (*Id.* ¶¶ 20-22).  Three months later, once he became aware of the issue, Thompson submitted a single payment to satisfy the three missed payments.  (*Id.* ¶ 23).  Old Glory did not process that payment either.  (*Id.* ¶ 25).  Thompson alleges that he had sufficient funds in his account to process the transactions and that he repeatedly raised the issue with Old Glory.  (*Id.* ¶¶ 30-31, 34).  Nonetheless, Old Glory failed to process the payments due to an internal technical issue.  (*Id.* ¶¶ 22, 34).

Thompson's credit reports began reporting him 30 and 60 days late for his mortgage payments.  (*Id.* ¶ 27).  According to the complaint, Old Glory has not initiated any contact with the credit reporting agencies or JP Morgan Chase Bank to explain its mistake or request that they update their credit reporting for Thompson.  (*Id.* ¶¶ 36-37).  As a result, Thompson's credit history and rating have been damaged.  (*Id.* ¶ 39).  He has also allegedly suffered pecuniary loss, invasion of privacy, loss of time, and emotional distress.  (*Id.* ¶¶ 42, 53).

### 2.      **The Forum-Selection Clause**

Old Glory's online services are governed by its Online Banking Service Agreement.  The agreement contends that enrollment in certain services, including automatic mortgage payments, "constitutes . . . approval of, and intent to be bound by, this Agreement."  (Banking Service Agreement 1, Dkt. No. 5-3, at 27).

2

Section 6.15(b), titled "Governing Law; Jurisdiction and Venue," contains both a choice-of-law and forum-selection clause.  It provides as follows:

> These Terms of Service and any dispute or claim arising out of or related to these Terms of Service, their subject matter, or their formation (in each case, including non-contractual disputes or claims) shall be governed by and construed in accordance with the laws of the State of Oklahoma, other than such laws and case law that would result in the application of the laws of a jurisdiction other than the State of Oklahoma.

(*Id.* at 7).  It then states:

> Any legal suit, action, or proceeding arising out of or related to these Terms of Service or the Services or Content shall be instituted exclusively in the federal or state courts located in Oklahoma County, Oklahoma.  You agree to waive any and all objections to the exercise of jurisdiction over you by such courts and to venue in such courts.

(*Id.*).  Section 29, "Jurisdiction and Venue," further provides:

> You agree and hereby submit to the exclusive personal jurisdiction and venue of the State courts and federal courts in Oklahoma County, Oklahoma, with respect to all matters relating to your access to or use of our Website or any Product, Material or Service.  You irrevocably consent to such jurisdiction and venue.

(*Id.* at 22).

## B.    **Procedural Background**

Plaintiff filed his initial complaint on April 16, 2026.  (Dkt. No. 1).  The complaint asserts four claims:  (1) violation of the Electronic Funds Transfer Act, 15 U.S.C. §§ 1693, *et seq.*; (2) negligence; (3) violation of the Massachusetts Electronic Branches and Electronic Fund Transfer Act, Mass. Gen. Laws. ch. 167B; and (4) violation of the Massachusetts Consumer Protection Act, Mass. Gen. Laws. ch. 93A, §§ 1-11.  (Compl. ¶¶ 43-63).

On June 3, 2026, defendant moved to transfer the case to the Western District of Oklahoma pursuant to 28 U.S.C. § 1404(a).  (Dkt. No. 5).

3

## II.    Analysis

Defendant contends that plaintiff's claims arise out of or relate to its online payment services and therefore fall within the scope of the mandatory forum-selection clause. Plaintiff does not contest that he is bound by the banking service agreement or that this dispute is within the scope of its forum-selection clause. Rather, he maintains that the forum-selection clause is unenforceable because it contravenes Massachusetts public policy.[1]

### A.    Legal Standard

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or . . . to which all parties have consented." "In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion . . . must evaluate both the convenience of the parties and various public-interest considerations." *Atlantic Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Texas*, 571 U.S. 49, 62 (2013). "Ordinarily, the district court would weigh the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Id.* at 62-63 (quoting 28 U.S.C. § 1404(a)).

However, where a party has contractually agreed to a specific venue by means of a forum-selection clause, the court's calculus must change. *Id.* at 63. "The presence of a valid

---

[1] In addition, plaintiff contends that the motion to transfer should be denied because defendant violated Local Rule 7.1(a)(2) by failing to confer with plaintiff before filing. (Pl.'s Opp'n to Def.'s Mot. to Transfer 4-5, Dkt. No. 8). "[W]hile dismissal of a non-compliant motion is available as a sanction, such a sanction is not appropriate for every violation of the Rule." *Sun Cap. Partners III, LP v. New England Teamsters & Trucking Indus. Pension Fund*, 329 F.R.D. 102, 105 (D. Mass. 2018) (citation modified). Dismissal is not appropriate here. It appears unlikely the parties' positions would have fundamentally changed or the issues narrowed if a pre-motion conference had occurred. Declining to enforce defendant's contracted-for right to litigate in its home state would also be disproportionate to the violation. Accordingly, the Court will not dismiss the motion on that ground.

forum-selection clause requires district courts to adjust their normal § 1404(a) analysis in three ways." *Id.*

First, the plaintiff's choice of forum "merits no weight." *Id.* Second, the district court "should not consider arguments about the parties' private interests." *Id.* at 64. Only public interest factors can be considered; however, those factors "will rarely defeat a transfer motion." *Id.* Third, when a plaintiff who is contractually obligated to file suit in a specific forum "flouts" his duty to do so, a transfer of venue under § 1404(a) "will not carry with it the original venue's choice-of-law rules." *Id.* "Accordingly, a forum-selection clause should 'be given controlling weight in all but the most exceptional cases.'" *Kebb Mgmt., Inc. v. Home Depot U.S.A., Inc.*, 59 F. Supp. 3d 283, 286 (D. Mass. 2014) (quoting *Atlantic Marine*, 571 U.S. at 60, 63).

The threshold issue in interpreting a forum-selection clause is whether it is permissive or mandatory. *See Rivera v. Centro Médico de Turabo, Inc.*, 575 F.3d 10, 17 (1st Cir. 2009); *Huffington v. T.C. Grp.*, 637 F.3d 18, 21 (1st Cir. 2011). "Permissive forum selection clauses, often described as 'consent to jurisdiction' clauses, authorize jurisdiction and venue in a designated forum, but do not prohibit litigation elsewhere[.] . . . In contrast, mandatory forum selection clauses contain clear language indicating that jurisdiction and venue are appropriate exclusively in the designated forum." *Rivera*, 575 F.3d at 17 (omission in original) (quoting 14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3803.1 (3d ed.1998)).

Forum-selection clauses enjoy a presumption of enforceability. "'[T]he forum clause should control absent a strong showing that it should be set aside,' and the party resisting enforcement bears the 'heavy burden' of demonstrating why the clause should not be enforced."

*Huffington*, 637 F.3d at 23 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 17 (1972)).

There are four grounds on which a court may find that a forum-selection clause is unenforceable:

(1) the clause was the product of "fraud or overreaching,"

(2) "enforcement would be unreasonable and unjust,"

(3) proceedings "in the contractual forum will be so gravely difficult and inconvenient that [the party challenging the clause] will for all practical purposes be deprived of his day in court," or

(4) "enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision."

*Id.* at 23 (quoting *Bremen*, 407 U.S. at 15, 18) (internal citations omitted). Plaintiff contends that the fourth ground for unenforceability—contravention of public policy—is applicable here.

### B.      The Forum Selection Clause

The language of the forum-selection clause at issue here—which states that "[a]ny legal suit, action, or proceeding . . . shall be instituted exclusively . . . in Oklahoma County, Oklahoma" (Banking Service Agreement, § 6.15(b), at 7)—is clearly mandatory. *See Lambert v. Kysar*, 983 F.2d 1110, 1112 (1st Cir. 1993) (finding that a forum-selection clause stating "[i]n the event any action is brought to enforce [such] terms and conditions, venue shall lie exclusively in Clark County, Washington" was "mandatory"); *Dorel Steel Erection Corp. v. Capco Steel Corp.*, 392 F. Supp. 2d 110, 115 (D. Mass. 2005) (citing *Lambert* for this proposition). This Court must therefore transfer plaintiff's claims to the federal district court encompassing Oklahoma County unless the forum-selection clause is unenforceable. As noted, plaintiff bears a "heavy burden" to

6

show that it is.  *See Bremen*, 407 U.S. at 17; *Manzo v. Wohlstadter*, 171 F.4th 112, 117 (1st Cir. 2026).

### C.  The Forum-Selection Clause Is Enforceable

Plaintiff contends that this Court should deny the motion to transfer because enforcing the forum-selection clause would contravene Massachusetts public policy.  Specifically, he asserts that Massachusetts has declared a strong public policy to protect consumers through the enactment of the Massachusetts Consumer Protection Act, Mass. Gen. Laws. ch. 93A, and the Massachusetts Electronic Branches and Electronic Fund Transfer Act, Mass. Gen. Laws. ch. 167B.  (Pl.'s Opp'n to Def.'s Mot. to Transfer 5, Dkt. No. 8).  He contends that transfer would essentially extinguish those protections because an Oklahoma court would have no obligation to apply Massachusetts consumer-protection laws.  (*Id.* at 5-6).

While it is true that Massachusetts strongly favors consumer protection, plaintiff has not shown that enforcing the forum-selection clause here would contravene that policy.  First, plaintiff has not identified any Massachusetts statute prohibiting forum-selection clauses in banking-service agreements or guaranteeing a local forum for his claims.  *Cf. Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (finding a forum-selection clause in a franchise agreement unenforceable on a public policy ground when a forum-state statute rendered void such forum-selection clauses in franchise agreements).  Indeed, "Massachusetts has upheld forum selection clauses which include individual Chapter 93A claims."  *Carter's of New Bedford, Inc. v. Nike, Inc.*, 790 F.3d 289, 294 n.5 (1st Cir. 2015) (citing *Cambridge Biotech Corp. v. Pasteur Sanofi Diagnostics*, 433 Mass. 122, 130-32 & n.7 (2000); *Huffington*, 637 F.3d at 22).

Second, it is not self-evident that the Oklahoma federal court would decline to enforce plaintiff's Massachusetts state-law claims.  Jurisdictions outside of Massachusetts may still

enforce Chapter 93A claims if the actions taken in violation of Chapter 93A occurred "primarily and substantially" within Massachusetts. *See, e.g., Maltz v. Union Carbide Chemicals & Plastics Co., Inc.*, 992 F. Supp. 286, 319 (S.D.N.Y. 1998) (citing Mass. Gen. Laws ch. 93A, § 11). Plaintiff has not shown that Oklahoma's choice-of-law rules would bar such a claim, or that the Massachusetts claims would not be honored because they arose under the law of another jurisdiction. *See Carter's of New Bedford, Inc.*, 790 F.3d at 294 n.5 (rejecting contention that forum-selection clause was unenforceable because, among other reasons, "[t]here [was] no suggestion . . . that the claim would not be honored" in the selected forum); *see Manzo*, 171 F.4th at 118 (citing *Carter's of New Bedford, Inc.* for that proposition).

Finally, even if an Oklahoma court ultimately dismisses the Massachusetts claims and substitutes its own remedy, this Court must still enforce the forum-selection clause absent a showing that Oklahoma courts would fail to "provide an *adequate* remedy." *Manzo*, 171 F.4th at 118 (emphasis in original) ("Ordinarily, a forum selection clause is respected even if the forum state would substitute its own remedy, so long as the chosen forum will itself provide an *adequate* remedy." (quoting *Huffington*, 637 F.3d at 25)). Plaintiff has made no showing that Oklahoma's consumer-protection laws are likely a "substantially less powerful remedy in the teeth of a strong Massachusetts policy." *Huffington*, 637 F.3d at 25.

In sum, plaintiff has failed to meet his burden to show that the forum-selection clause contravenes a strong Massachusetts public policy and thus is unenforceable. Plaintiff had a contractual obligation to file his original suit in either state or federal court in Oklahoma County, Oklahoma. Because he failed to do so, the Court will grant the motion to transfer venue to the Western District of Oklahoma.

**III.     Conclusion**

For the foregoing reasons, defendant's motion to transfer venue pursuant to 28 U.S.C.

§ 1404(a) is GRANTED.  The case is hereby TRANSFERRED to the United States District

Court for the Western District of Oklahoma.

**So Ordered.**

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  July 14, 2026                     United States District Judge